# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| NOTEEL KOSS, | * | No. 13-240V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | Filed: July 14, 2014 |
| v. | * | |
| | * | Decision on the record; insufficient proof |
| SECRETARY OF HEALTH | * | of causation; Sweet's Syndrome. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

Sean Greenwood, Houston, TX, for petitioner;
Justine E. Daigneault, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION [1]

Noteel Koss filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa-10 through 34 (2006), on April 5, 2011. In her petition, Ms. Koss alleged that she developed Sweet's Syndrome, resulting from the Twinrix hepatitis A and B, tetanus-diphtheria-acellular pertussis ("Tdap"), Menactra meningoccocal, inactivated polio ("IPV"), typhoid, and yellow fever vaccinations administered to her on April 16, 2010. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I. **Procedural History**

On June 3, 2013, Ms. Koss filed medical records (exhibits 2-8) and a statement of completion. Respondent requested that Ms. Koss file additional medical records, which were necessary for her to address Ms. Koss's claim in a Rule 4 report. See Status Rep., filed June 19, 2013. Between June and August 2013, Ms. Koss periodically filed additional medical records (exhibits 9-21). She filed a second statement of completion on August 29, 2013.

On October 25, 2013, respondent filed her Rule 4(c) report concluding that Ms. Koss failed to fulfill the criteria for a Vaccine Table injury and failed to demonstrate by preponderant evidence that Ms. Koss's Sweet's Syndrome was caused by any of the vaccines received on April 16, 2010. Resp't's Rep., filed Oct. 25, 2013, at 9, 14. In her report, respondent noted that Ms. Koss had not offered a reputable theory of causation linking her medical condition to her vaccinations. Id. at 13. Further, respondent stated that the medical records indicate that Ms. Koss had a history of cold sores and a rash similar to what she was alleging was caused by vaccinations. Id.

On November 19, 2013, a status conference was held. In this conference, Ms. Koss was ordered to file a status report and a damages affidavit by December 11, 2013. Ms. Koss filed her damages affidavit (exhibit 29) as well as corrections to her previously submitted medical records (exhibits 22-28) on December 13, 2013.

On December 17, 2013, following a status conference, Ms. Koss was ordered to file a status report regarding her progress in retaining an expert to opine in her case by January 16, 2014. Ms. Koss did file this report, which stated that she had located multiple experts, contacted them, and was waiting to hear back from them. Ms. Koss requested additional time in which to file an expert report. This request was granted. See order, filed Jan. 24, 2014.

On March 17, 2014, Ms. Koss filed another status report, indicating that she believed that she had retained an expert for her case. Accordingly, Ms. Koss requested additional time to allow her expert to review her medical records and to offer an opinion on her case. Ms. Koss was to file a status report on her progress with obtaining an expert report by April 18, 2014. See order, filed Mar. 24, 2014.

By June 2, 2014, Ms. Koss had yet to file the ordered status report so a status conference was set, sua sponte, for June 11, 2014. During this status conference, Ms. Koss indicated that she had been unable to obtain an expert witness and would proceed with a ruling on the record.

On June 16, 2014, Ms. Koss filed a motion for a ruling on the record. Respondent filed her response to Ms. Koss's motion on July 2, 2014. Accordingly, this case is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that Ms. Koss suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Koss suffered a "Table Injury." Thus, she is necessarily pursuing a causation-in-fact claim.[2]

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support Ms. Koss's claim, a medical opinion must be offered in support. Ms. Koss, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Ms. Koss has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

---

[2] Although the petition alleges the typhoid and yellow fever vaccines caused (or contributed to) Ms. Koss's Sweet's Syndrome, neither typhoid nor yellow fever vaccine is listed on the Vaccine Injury Table. 42 C.F.R. § 100.3 (2011).

IT IS SO ORDERED.

s/Christian J. Moran  
Christian J. Moran  
Special Master