# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| NOTEEL KOSS, | \* | No. 13-240V |
| | \* | Special Master Christian J. Moran |
| Petitioner, | \* | |
| | \* | Filed: January 9, 2015 |
| v. | \* | |
| | \* | Attorneys' fees and costs; award |
| SECRETARY OF HEALTH | \* | in the amount to which |
| AND HUMAN SERVICES, | \* | respondent does not object. |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Sean Greenwood</u>, Houston, TX, for petitioner;
<u>Justine E. Daigneault</u>, U.S. Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On December 31, 2014, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $10,423.51, an amount to which respondent does not object. The Court awards this amount.

On April 5, 2013, Noteel Koss filed a petition for compensation alleging that the Twinrix hepatitis A and B, tetanus-diphtheria-acellular pertussis ("Tdap"), Menactra meningoccocal, inactivated polio ("IPV"), typhoid, and yellow fever vaccinations, which she received on April 16, 2010, caused her to develop Sweet's Syndrome. Petitioner was unable to find an expert to establish causation and thus,

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

requested a ruling on the record.  See order, issued June 11, 2014; see also Pet'r's Mot., filed June 16, 2014.  In this ruling, compensation was denied.  Decision, issued July 14, 2014.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner gathered and filed medical records, attempted to obtain an expert report, and moved for a decision on the record when she was unable to retain an expert to opine on her case.  Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Ms. Koss seeks a total of **$9,893.35** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, Ms. Koss states that she incurred **$530.16** in out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

a. **A lump sum of $9,893.35, in the form of a check made payable to petitioner and petitioner's attorney, Sean F. Greenwood, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

b. **A lump sum of $530.16, payable to petitioner, Noteel Koss, for costs she incurred in pursuit of her petition.**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>Christian J. Moran

Special Master